UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Richard LaRiviere

    v.                                                             Civil No. 14-cv-405-JD

Hillsborough County Department
of Corrections Medical Department et al.[1]


**REPORT AND RECOMMENDATION**

Richard LaRiviere has filed this action against the Hillsborough County Department of Corrections ("HCDC") Medical Department, and a number of HCDC employees, pursuant to 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v.

---

[1] In addition to the Hillsborough County Department of Corrections ("HCDC") Medical Department, LaRiviere identifies the following HCDC employees as defendants: Superintendent David Dionne; Nurses Linda Wheeler, Chris Morrison, Christine Miller, and Denise Ryan; Dr. Moskowitz, whose first name is unknown ("FNU"); Dr. FNU Turnbull; Sgt. FNU McBernie; and Corrections Officers FNU Cote, FNU Torres, FNU Rosario, FNU Barbera, FNU Antilis, and FNU Plumpkin.

Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

LaRiviere has alleged the following facts. LaRiviere was, during the time period relevant to this action, a pretrial detainee at the HCDC. He alleges that members of the HCDC Medical Department denied him medication to treat his severe depression, despite his repeated requests for medication. As a result, LaRiviere attempted suicide by cutting a vein in his leg.

At the time of his suicide attempt, LaRiviere was in a cell that HCDC Corrections Officer ("C.O.") Rosario was required to check every fifteen minutes. LaRiviere alleges he "bled out" for ninety minutes, losing two liters of blood, either because Rosario failed to check on LaRiviere as he was supposed to, or because he did check on LaRiviere but ignored his condition.

LaRiviere was transported to the Elliot Hospital for treatment of his leg injury. The hospital staff released LaRiviere with discharge instructions that the HCDC medical staff did not follow. For thirteen days after his discharge, LaRiviere alleges, HCDC medical staff never checked his leg wound, never changed his bandage, never took his vital signs, and denied him pain medication.

LaRiviere states that he filed one grievance about his medical issues, and made additional attempts to use the HCDC grievance procedures, but his requests were ignored. HCDC Sgt. McBernie told LaRiviere that he was not allowed to file grievances. LaRiviere further asserts that HCDC personnel denied him out-of-cell time and a proper diet, threatened to harm him, and generally harassed and treated him cruelly.

Summarized below are the claims asserted in the complaint, arising out of the facts alleged therein:

**Claims**

1. HCDC personnel violated LaRiviere's Fourteenth Amendment right to adequate medical care while in pretrial detention, in that HCDC personnel, for thirteen days, did not follow the Elliot Hospital discharge instructions prescribed to treat his leg injury after LaRiviere's suicide attempt.

3

2. HCDC personnel violated LaRiviere's Fourteenth Amendment right to adequate medical care while in pretrial detention, in that, with deliberate indifference to a serious medical need, HCDC personnel failed to treat LaRiviere's depression, resulting in LaRiviere's suicide attempt.

3. C.O. Rosario violated LaRiviere's Fourteenth Amendment right to humane conditions of pretrial confinement, in that, with deliberate indifference to a substantial risk of serious harm, Rosario allowed LaRiviere to "bleed out" for ninety minutes after LaRiviere's suicide attempt.

4. HCDC staff violated LaRiviere's Fourteenth Amendment right to humane conditions of pretrial confinement by denying LaRiviere an adequate diet.

5. HCDC staff, including Sgt. McBernie, violated LaRiviere's right to petition the government for redress of grievances, by denying him access to grievance procedures.

6. HCDC staff violated LaRiviere's federal rights by taunting him, harassing him, threatening him, at times denying him more than ten or fifteen minutes out of his cell per day, and generally treating him poorly and cruelly.

**Discussion**

I. <u>Inadequate Medical Care (Claims 1 and 2)</u>

The facts alleged in the complaint, construed liberally, state Fourteenth Amendment claims for relief,[2] upon which relief

---

[2] Although LaRiviere has asserted claims under the Eighth Amendment, because he asserts in this action constitutional violations that occurred during his pretrial detention, his claims arise under the Fourteenth Amendment. See <u>Leavitt v.</u>

4

can be granted under 42 U.S.C. § 1983, for the denial of adequate medical care for LaRiviere's leg injury and for the denial of psychiatric medication prior to his suicide attempt. LaRiviere, however, has failed to identify any individual HCDC health care provider or other individual defendant to those claims, identified above as Claims 1 and 2.  Accordingly, in the order issued simultaneously with this report and recommendation, the court grants LaRiviere leave to amend the complaint to identify the individuals responsible for denying him psychiatric medication for his depression prior to his suicide attempt, and for denying him medical care for his leg injury after his discharge from the Elliot Hospital.  LaRiviere must allege facts stating, with specificity, what each defendant knew, did, and/or failed to do, with respect to his depression and leg injury, for the purpose of stating claims against individuals, arising out of the facts alleged in Claims 1 and 2 above.

II.  Endangerment (Claim 3)

    The constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).  To establish

---

Corr. Med. Servs., 645 F.3d 484, 497 n.21 (1st Cir. 2011).

unconstitutional endangerment, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety. Id. at 834. LaRiviere has asserted sufficient facts to allow Claim 3, identified above, to proceed against Rosario, and in an order issued this date, the court directs service of the complaint on Rosario.

III. Inadequate Food (Claim 4)

LaRiviere alleges that he was denied a proper diet at the HCDC, and that C.O. Torres told him, "I hope you starve to death." A prison inmate may assert a cause of action for the denial of adequate nutrition where such a deprivation creates a serious risk of harm to an inmate. See Ruiz v. Blanchette, 529 F. App'x 33, 35-36 (2d Cir. 2013). LaRiviere has not alleged facts to demonstrate that the food provided was nutritionally inadequate, insufficient in amount, or would otherwise cause him harm. In an order issued this date, the court grants LaRiviere leave to amend his complaint to state specific facts to demonstrate that he was denied adequate nutrition, to identify defendants to the claim, and to state with specificity what each

6

defendant did or failed to do to deny LaRiviere adequate nutrition.

IV.   Grievances (Claim 5)

LaRiviere claims that his First Amendment right to petition the government for a redress of grievances was violated when he was denied access to certain administrative grievance procedures. "[A]n inmate has no constitutionally-protected liberty interest in access to [a prison's grievance] procedure[s]." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011). Accordingly, LaRiviere cannot state a First Amendment claim for the alleged denial of access to grievance procedures and forms.

V.   Remaining Claim (Claim 6) and Remaining Defendants

LaRiviere's remaining claims, asserting that he was taunted, harassed, threatened, at times denied more than ten or fifteen minutes out of his cell per day, and generally treated poorly and cruelly, are insufficient to state any actionable claim for relief under § 1983, as the claims asserted do not rise to the level of constitutional violations. Accordingly, those claims, grouped together as Claim 6 above, should be dismissed.

With the exception of C.O. Rosario, LaRiviere has not asserted facts stating a plausible claim for relief, arising out of the conduct of any other defendant named in the complaint. The district judge should accordingly drop each of those defendants from this case (except for C.O. Rosario), without prejudice to LaRiviere seeking to add them as defendants in any amended complaint he may file in this case in the future.  If, in his amended complaint, LaRiviere seeks to asset claims against the HCDC and/or any HCDC official in his or her official capacity, LaRiviere must state what custom or policy of the HCDC, an agent of Hillsborough County, caused the harms alleged.

## Conclusion

For the foregoing reasons, the district judge should dismiss Claims 5 and 6 above for failure to state a claim, and should drop all defendants from this action, without prejudice, other than C.O. Rosario.  In an order issued this date, the court has directed service of the complaint upon C.O. Rosario, with respect to Claim 3, above, has granted LaRiviere leave to amend the complaint to identify individual defendants to Claims 1, 2, and 4, above, and to allege facts to a state a claim for relief with respect to Claim 4.  Any objections to this report

and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 20, 2014

cc: Richard LaRiviere, pro se