```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Richard LaRiviere

    v.                                    Civil No. 14-cv-405-JD

Hillsborough County Department
of Corrections Medical Department et al.

### REPORT AND RECOMMENDATION

On November 20, 2014, this court issued an Order (doc. no. 8) directing service of the complaint (doc. no. 1) on defendant Hillsborough County Department of Corrections ("HCDC") Corrections Officer Adam Rosario, with respect to Claim 3, and granting leave to plaintiff Richard LaRiviere to amend the complaint.  In a Report and Recommendation (doc. no. 7) ("R&R") issued simultaneously with that Order, the court recommended that two of LaRiviere's claims, and all of the other defendants identified in the complaint, be dismissed.  The R&R was approved on December 12, 2014.  Presently before the court for preliminary review is LaRiviere's amended complaint (doc. no. 12).  See 28 U.S.C. § 1915A(a); LR 4.3(d)(1).

## Discussion[1]

### I. Background

In the R&R, the court identified six claims asserted in the complaint (Claims 1-6).  The court directed service of the complaint on defendant Rosario, as Claim 3 stated a claim against him.  The court granted LaRiviere leave to amend Claims 1 and 2, alleging inadequate medical care, as well as Claim 4, alleging inadequate nutrition.  Specifically, LaRiviere was directed to name defendants to Claims 1, 2, and 4, and to assert facts sufficient to state claims upon which relief might be granted against those defendants.  In the R&R, the court recommended that Claims 5 and 6, and all of the defendants other than Rosario, be dismissed.

Claims 1, 2, and 4 were set forth in the R&R as follows:

1. HCDC personnel violated LaRiviere's Fourteenth Amendment right to adequate medical care while in pretrial detention, in that HCDC personnel, for thirteen days, did not follow the Elliot Hospital discharge instructions prescribed to treat his leg injury after LaRiviere's suicide attempt.

2. HCDC personnel violated LaRiviere's Fourteenth Amendment right to adequate medical care while in pretrial detention, in that, with deliberate indifference to a serious medical

---

[1] In conducting this preliminary review, the court applies the standard set out in the R&R.

2

need, HCDC personnel failed to treat LaRiviere's depression, resulting in LaRiviere's suicide attempt.

4. HCDC staff violated LaRiviere's Fourteenth Amendment right to humane conditions of pretrial confinement by denying LaRiviere an adequate diet.

In his amended complaint, LaRiviere also asserts claims based on alleged violations of the Health Insurance Portability and Accountability Act ("HIPAA"). Further, he alleges new facts which he assert constitute additional inadequate medical care claims.

## II. Discussion

### A. Inadequate Medical Care Claims

As a pretrial detainee, LaRiviere's "right to adequate medical ... care during his incarceration arises under the Fourteenth Amendment's Due Process Clause." Fox v. Clancy, 2013 WL 3245332, at *2 (D.N.H. June 26, 2013) (citing Suprenant v. Rivas, 424 F.3d 5, 18 (1st Cir.2005)). In general, "the standard applied under the Fourteenth Amendment is the same as the Eighth Amendment standard" for convicted inmates. Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007). "In order to state a constitutional claim for the denial of medical ... care," therefore, LaRiviere "must allege that defendants have committed 'acts or omissions ... sufficiently harmful to evidence

deliberate indifference to serious medical needs.'"  Fox, 2013 WL 3245332, at *2 (quoting Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir.2011)).

In the amended complaint (doc. no. 12), LaRiviere identifies HCDC nurses Christine Morrison, Linda Wheeler, and HCDC physician, Dr. Moskowitz, whose first name is unknown ("FNU"), as defendants to Claims 1 and 2.  LaRiviere sufficiently asserts Fourteenth Amendment claims against Morrison, Wheeler, and Moskowitz to allow them to proceed against those defendants, to the extent that the defendants: denied LaRiviere medication for his severe depression; declined to refer LaRiviere for mental health care despite repeated requests and knowledge of his severe depression; denied LaRiviere pain medication that had been ordered by the Elliot Hospital ("Elliot") doctor who treated LaRiviere's self-inflicted injury to his leg in a suicide attempt; and failed to properly care for LaRiviere's wound, causing it to become infected and painful.  In an Order issued simultaneously with this Report and Recommendation, the court directs service of the complaint, and specifically, Claims 1 and 2 on Wheeler, Morrison, and Moskowitz.

In the amended complaint, LaRiviere has asserted new claims alleging the denial of adequate medical care. Specifically, LaRiviere claims that: when he advised the HCDC medical staff that he had previously been diagnosed with a seizure disorder, he was placed on "seizure restrictions," but was not given anti-seizure medication; he was denied antihistamines for an itchy rash; he was denied proper care and treatment for Gastroesophageal Reflux Disease ("GERD"), heartburn, and constipation; the stitches in his leg were not properly removed; he was denied some of the medication prescribed by the Elliot doctor for four days after his release from the Elliot; and he was improperly placed on bedrest. LaRiviere has failed to state sufficient facts concerning these claims to demonstrate that any defendant, acting with deliberate indifference, denied him necessary care as to these allegations. Accordingly, these newly asserted medical claims should be dismissed.

    B.   <u>Inadequate Diet (Claim 4)</u>

LaRiviere asserts that when he was discharged from the Elliot, the Elliot doctor instructed that LaRiviere be provided with a high calorie/high protein diet for four to six weeks due to the fact that he had lost a great deal of blood. LaRiviere

claims that several HCDC C.O.s, Wheeler, Morrison, and Dr. Moskowitz denied him a high calorie/high protein diet. LaRiviere states that four days after he returned from Elliot Hospital, Dr. Moskowitz prescribed iron supplements for him to treat his blood loss instead of supplementing his diet.

To the extent LaRiviere asserts that he was denied adequate nutrition, he can only state such a claim if the alleged nutritional deprivation creates a serious risk of harm. See Ruiz v. Blanchette, 529 F. App'x 33, 35-36 (2d Cir. 2013). Here, LaRiviere asserts only that he was hungry and dizzy when he was provided only with the standard HCDC meals in the four days after he returned from the Elliot. LaRiviere does not state that the meals were otherwise nutritionally deficient, or that the diet provided to him caused him serious harm.

Further, to the extent LaRiviere asserts that the failure to provide him with a high calorie/high protein diet constituted inadequate medical care, he has failed to assert that any individual was aware of any risk of serious harm he would suffer from receiving the standard diet, and thus, has not identified any defendant who had the subjective intent to harm or punish LaRiviere necessary to state a claim of deliberate indifference.

Further, four days after his discharge from the Elliot, Dr. Moskowitz treated his blood loss with iron supplements. To the extent LaRiviere would have preferred extra food, that preference does not give rise to a claim that his constitutional rights were violated. Deliberate indifference is not demonstrated "where the dispute concerns not the absence of help, but the choice of a certain course of treatment." Kosilek v. Spencer, 774 F.3d 63, 92 (1st Cir. 2014) (internal quotation marks and citation omitted), pet. for cert. filed, No. 14-1120 (U.S. Mar. 16, 2015). Accordingly, Claim 4 should be dismissed.

C.   HIPAA Claim

LaRiviere alleges that defendants Wheeler and Morrison violated his rights under HIPAA by reading his requests for medical care out loud where other inmates could here. HIPAA does not create a private right of action. See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). Accordingly, LaRiviere's HIPAA claim is not actionable, and the claim should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss Claim 4, LaRivere's HIPAA claim, and the medical care

7

claims that the court has found herein fail to state a claim for relief.  The court further recommends that all of the defendants identified in the amended complaint, except for defendants Wheeler, Morrison, and Moskowitz, be dropped from this action.  In an Order issued this date, the court has directed service of the complaint upon Wheeler, Morrison, and Moskowitz, with respect to Claims 1 and 2.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 27, 2015

cc:   Richard LaRiviere, pro se
      John A. Curran, Esq.