UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard LaRiviere

v. Civil No. 14-cv-405-JD
Opinion No. 2016 DNH 180

Lynda Wheeler and Mattew Masewic

O R D E R

Richard LaRiviere, proceeding pro se and in forma pauperis, brings civil rights claims under 42 U.S.C. § 1983 against employees of the Hillsborough County Department of Corrections ("HCDOC"). Claims against several defendants have been dismissed, leaving Lynda Wheeler and Matthew Masewic as the remaining defendants. Wheeler and Masewic have moved for summary judgment on all claims against them.

Procedural Background

After Wheeler moved for summary judgment, LaRiviere moved for appointment of counsel to represent him. In support of his motion, LaRiviere represented that he was being held in the special housing unit of the prison where he was incarcerated and that his mental health had deteriorated to the extent that he was no longer able to proceed pro se. The defendants objected to the motion to appoint counsel.

The court required LaRiviere to provide psychiatric treatment records and his own sworn affidavit to support his representations of an inability to proceed pro se. After LaRiviere was moved to a different facility, the court ordered the medical staff there to send LaRiviere's current psychiatric treatment records to the court under seal. The court also stayed all deadlines in the case, including the deadline for LaRiviere to respond to the pending motions for summary judgment.

After receiving and reviewing LaRiviere's records, the court concluded that LaRiviere is capable of proceeding pro se and denied his motion for appointment of counsel. The stay was terminated, and the court set a deadline for LaRiviere to respond to the motions for summary judgment. LaRiviere did not file a response.

## Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party and a material fact is one that could affect the outcome of the case." Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015). The facts and reasonable inferences are taken in the

light most favorable to the nonmoving party. McGunigle v. City of Quincy, --- F.3d ---, 2016 WL 4570420, at *7 (1st Cir. Aug. 21, 2016). "On issues where the movant does not have the burden of proof at trial, the movant can succeed on summary judgment by showing 'that there is an absence of evidence to support the nonmoving party's case.'" OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Canada, 684 F.3d 237, 241 (1st Cir. 2012) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

"All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party." LR 56.1(b). Because LaRiviere failed to respond to the motions for summary judgment, the properly supported material facts provided in support of the motions are taken as true. Even when a motion for summary judgment is unopposed, the court must review the motion on the merits based on the undisputed facts, but the court is not obligated to develop arguments or search for evidence to oppose the motion on behalf of the nonmoving party. Alberti v. Carlo-Izquierdo, 548 F. App'x 625, 635 (1st Cir. 2013).

## Factual Background

LaRiviere's claims in this case arise from events that occurred during his incarceration as a pretrial detainee at HCDOC in 2014 and focus on his suicide attempt on June 17, 2014.

Lynda Wheeler was a nurse at the jail while LaRiviere was held there. Matthew Masewic was a medical doctor who contracted with the HCDOC to provide medical services at the jail.

Following preliminary review, LaRiviere's claims in Counts I and II, alleging inadequate medical care, were allowed to proceed against Wheeler and Masewic, along with others who are no longer in the case. Those claims are based on allegations that the defendants denied LaRiviere medication for his severe depression, declined to refer him for mental health care despite repeated requests and knowledge of his severe depression, denied him pain medication that had been ordered by the Elliot Hospital doctor who treated LaRiviere's self-inflicted injury to his leg in a suicide attempt, and failed to properly care for LaRiviere's wound, causing it to become infected and painful.

Wheeler has established through her own affidavit and the affidavit of Denise Ryan, the Health Services Administrator for HCDOC, that she was not authorized to prescribe medication or adjust prescriptions for medication. Wheeler shows that although LaRiviere had contact with many members of the HCDOC medical staff, Wheeler had only limited contact with him. Wheeler also shows that LaRiviere could have requested mental health care and that other medical care providers cared for his wound.

Masewic provides undisputed evidence that the jail had a mandatory grievance procedure to address complaints by inmates and detainees. While incarcerated at HCDOC, LaRiviere filed only one grievance form. On that form, LaRiviere stated that he needed to speak to a doctor about a rash and chronic lower back pain. He also charges that Wheeler has a grudge against him. Ryan responded to the grievance, explaining that LaRiviere was on restrictions because of a detox watch and a history of seizures and that the doctor would review blood test results aimed at the rash and would contact LaRiviere. LaRiviere never filed a grievance against Masewic and never complained about a lack of mental health care.

## Discussion

Wheeler moves for summary judgment in her favor on the claims against her on the grounds that LaRiviere cannot show that she was deliberately indifferent to his medical needs and that she is entitled to qualified immunity. Masewic moves for summary judgment on the ground that LaRiviere did not exhaust available administrative remedies before bringing his claims against him. LaRiviere did not respond to either motion.

I. Wheeler

As determined on preliminary review, LaRiviere alleges that medical providers at HCDOC, including Wheeler, failed to provide adequate health care. The Fourteenth Amendment protects a pretrial detainee from unconstitutional conditions of confinement. Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005). The Fourteenth Amendment right provides as least as much protection as the "Eighth Amendment's prohibition against cruel and unusual punishment." Id. Prison employees violate the Fourteenth Amendment, therefore, if they act with deliberate indifference to a detainee's serious medical needs. Feeney v. Corr. Med. Servs., 464 F.3d 158, 161-62 (1st Cir. 2006).

Deliberate indifference is a subjective inquiry which requires proof that the defendant knew of a substantial risk of harm or knew of facts from which he or she could infer that risk existed and did draw that inference. Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir. 2011). Stated in other terms, deliberate indifference occurs when care is denied as punishment or when medical decisions are made recklessly with knowledge of a risk of harm that could be prevented. Id. Negligence, however, is not evidence of deliberate indifference. Id.

Whether a detainee's medical need is serious is an objective inquiry. Id. A medical need is objectively

sufficiently serious if the condition is diagnosed by a doctor as requiring treatment or if it is so obvious that even someone without medical training would recognize the need. Id. In addition, "[t]he seriousness of an inmate's needs may also be determined by reference to the effect of the delay of treatment." Id. at 497-98 (internal quotation marks omitted).

Wheeler contends that LaRiviere cannot prove that she was deliberately indifferent to his serious medical needs. Alternatively, Wheeler contends that she is entitled to qualified immunity. Because the claim is resolved on the merits, it is not necessary to consider qualified immunity.

The undisputed facts show that Wheeler was part of the medical staff at HCDOC when LaRiviere was held there and that she treated LaRiviere on several occasions. After LaRiviere attempted suicide on June 17, 2014, he was put on a special watch, and Wheeler checked him during that time. LaRiviere did not ask for additional mental health services during any of Wheeler's interactions with him. Wheeler provided LaRiviere's medications to him, as ordered by the doctor or other staff.

When LaRiviere complained of acid reflux and constipation and asked for reading glasses, Wheeler assessed him and noted the doctor's examination two weeks previously. Wheeler recommended that he receive Colace and reading glasses and gave him other instructions to deal with constipation. On three

following occasions, Wheeler again ordered over the counter treatments for LaRiviere's complaints.

The record does not support LaRiviere's allegations that Wheeler was deliberately indifferent to his serious medical needs. Instead, the record shows that Wheeler treated LaRiviere based on his prescriptions and doctor's orders and also addressed LaRiviere's complaints of other issues. Even if LaRiviere objects to the course of treatment provided by Wheeler, that is not enough in this case to show deliberate indifference. See Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (2st Cir. 2007); Sires v. Berman, 834 F.2d 9, 13 (1st Cir. 1987).

Therefore, Wheeler is entitled to summary judgment in her favor on all claims against her.

II. Masewic

LaRiviere claims that Masewic was part of the medical staff at HCDOC that denied him adequate medical care for his serious medical needs. Masewic moves for summary judgment on the ground that LaRiviere failed to exhaust administrative remedies at the HCDOC by filing a grievance against him to raise the medical care issues.

A prisoner is prohibited from bringing a claim challenging prison conditions under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

To satisfy the requirements of § 1997e(a), the prisoner must exhaust the administrative remedies properly, which includes "compliance with an agency's deadlines and other procedural rules." Woodford v. Ngo, 548 U.S. 81, 91 (2006). Failure to exhaust is an affirmative defense to the claim brought by the prisoner. Jones v. Bock, 549 U.S. 199, 211 (2007).

Masewic provides undisputed evidence that HCDOC had a mandatory grievance procedure in 2014 when LaRiviere was detained there. The court previously addressed the grievance procedure at HCDOC in the context of a motion to dismiss filed by another defendant, Adam Rosario. See Doc. no. 71. Masewic also shows that LaRiviere did not file a grievance about the medical treatment provided by Masewic. Because LaRiviere did not respond to the motion for summary judgment, he provides no contrary evidence or argument.

Therefore, Masewic has met his burden of showing that LaRiviere failed to exhaust the administrative remedies that were available to him before he filed suit. Therefore, Masewic is entitled to summary judgment on LaRiviere's claims in Counts I and II.

## Conclusion

For the foregoing reasons, the defendants' motions for summary judgment (documents 73 and 87) are granted.

Because all claims in the case are now resolved in favor of the defendants, the clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

October 6, 2016

cc: Richard LaRiviere, pro se
John A. Curran, Esq.
Sarah S. Murdough, Esq.